COURT OF COMMON PLEAS **ORIGINAL**
HAMILTON COUNTY, OHIO
COMMERCIAL DOCKET

**WALNUT PRIVATE EQUITY FUND, L.P.,**
individually, and derivatively on behalf of **ARGO TEA, INC.,**
    312 Walnut Street, Suite 1151
    Cincinnati, OH 45202

                    Plaintiff,

    v.

**ARGO TEA, INC.,**
    16 W. Randolph St.
    Chicago, IL 60601

**ARSEN AVAKIAN,**
    16 W. Randolph St.
    Chicago, IL 60601

**MOSAIX VENTURES,**
    1822 North Mohawk St.
    Chicago, IL 60615

**RANJAN LAL,**
    16 W. Randolph St.
    Chicago, IL 60601

**STANLEY MITZBERG**
    16 W. Randolph St.
    Chicago, IL 60601

**GLEN TULLMAN**
    16 W. Randolph St.
    Chicago, IL 60601

**ROUBEN TERZIAN**
    16 W. Randolph St.
    Chicago, IL 60601

                    Defendants.

Case No. **A 1 1 0 7 9 0 6**

2011 OCT -5 A 10:09 FILED



D94856469 INI

## VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

For its verified complaint against defendants Arsen Avakian, Ranjan Lal, Mosaix Ventures, and Argo Tea, Inc., Stanley Mitzberg, Glen Tullman, and Rouben Terzian, plaintiff Walnut Private Equity Fund, L.P. ("Walnut"), states as follows:

### NATURE OF THE ACTION

1.     This is an action to restrain an imminent threat to breach their fiduciary duties by engaging in a stock recapitalization plan that destroys dividend, redemption, veto and election rights attendant to plaintiff's Preferred Series C shares, in violation of Argo Tea, Inc.'s ("Argo") corporate charter. On October 5, 2011, at 11:00 a.m. CT, defendants intend to vote and carry forward with an unlawful Recapitalization Plan in an attempt to eviscerate valuable rights that Walnut has by virtue of its Argo Series C Preferred stock. This destructive and oppressive plan violates both Argo's corporate charter and Walnut's rights as a preferred shareholder. It is an illegal attempt by certain other Argo shareholders to destroy the rights of others.

2.     Walnut will suffer immediate and irreparable harm if the contemplated scheme proceeds as currently planned because it will permanently change Argo's corporate structure and strip Walnut of rights for which it bargained for and to which it is lawfully entitled.

3.     Walnut now seeks emergency injunctive relief restraining defendants from implementing the Recapitalization Plan, as well as an order preserving the status quo pending resolution of the legal issues set forth in this complaint. No notice has been provided to defendants, who will proceed to complete plaintiff's disenfranchisement if they receive it,

2

frustrating the very purpose of seeking the relief here. Defendants have specifically denied plaintiff's request to postpone the meeting.

4. Walnut brings this action individually and derivatively on behalf of Argo. Demand on Argo's board is excused as futile under Rule 23.1 because a majority of the board is interested in the matters alleged herein.

## PARTIES

5. Plaintiff Walnut Private Equity, L.P. is a Cincinnati-based investment fund, and the record and beneficial holder of shares of Series C Preferred stock of Argo.

6. Defendant Argo is a privately held Delaware corporation which manufactures and sells tea and other beverages.

7. Defendant Arsen Avakian is Argo's CEO and founder.

8. Defendant Mosaix Ventures ("Mosaix") is a Chicago-based investment fund that is a preferred stockholder of Argo. Mosaix is the primary stockholder movant in the scheme to conduct a mandatory conversion of all Argo preferred stock into common stock.

9. Defendant Ranjan Lal is the founder of Mosaix, and a member of Argo's board of directors.

## JURISDICTION AND VENUE

10. This Court possesses subject matter jurisdiction because the amount in controversy exceeds the minimum jurisdictional threshold for this Court. This Court possesses personal jurisdiction over defendants because they marketed the stock in question to plaintiff in Ohio.

11. Venue is appropriate in this Court because it is the county where defendants solicited the preferred stock in question to plaintiff, and the county where plaintiff resides.

## FACTUAL ALLEGATIONS

12.    In December 2008, Plaintiffs purchased $3.65 million of Series C Argo Stock.

13.    In order to induce Plaintiff to make its investment, Argo agreed to issue to Plaintiff a new series of preferred stock, the Series C Stock, that provided rights not held by other preferred stockholders of Argo. These rights include: (i) guaranteed cumulative dividends; (ii) veto rights over any conversion of preferred shares into common stock and over other specified actions; (iii) the right to have Argo redeem plaintiff's Series C Stock in 2014; and (iii) the right to designate two directors.

14.    Plaintiff's unique rights as a Series C Stockholder are specified in Argo's corporate charter, which is attached as **Exhibit A**. Among these rights is the requirement that Plaintiff consent to any action that would "alter . . . or change . . . the rights, preferences or privileges of the Series C Preferred Stock, directly or indirectly, by merger, consolidation, *conversion transaction* or otherwise." This "veto right" was specifically negotiated by Plaintiff to ensure its rights could not be replaced by inferior rights, such as what is being proposed in the Recapitalization Plan.

15.    Defendant's plan to eliminate the special rights granted to plaintiff through a series of maneuvers. The preferred stockholders propose to authorize the conversion of all shares of Argo preferred stock into common stock pursuant to Section 5.1 of Argo's charter, which provides that Argo's preferred stockholders can convert all Argo preferred shares into common shares upon the approval of 67% of the outstanding preferred shares. Such action, absent plaintiff's consent, violates Section 3.3.1 of Argo's certificate of incorporation.

16.    The Recapitalization Plan ignores plaintiff's veto right and would violate the provisions of Argo's certificate of incorporation. The defendant preferred stockholders propose

4

to take this action because Argo's board, without the involvement or knowledge of Plaintiff's designated directors, has devised a plan to induce the conversion by offering, in exchange for the common stock, a new class of preferred stock (the "New Preferred").

17.     The New Preferred Class is inferior to the Series C Stock held by plaintiff.  By taking these actions, the defendants would eliminate plaintiff's existing rights and grant new rights to other preferred stockholders in violation of Argo's certificate of incorporation.  These actions would enhance the value of shares held by the defendants at the expense of Plaintiff's investment.

18.     Argo's board of directors is set to meet on October 5, 2011 at 11:00 a.m. CT to take actions to proceed with the Recapitalization Plan.  Plaintiff's directors intend to object to this proposed violation of Argo's certificate of incorporation and to the resulting breach by the board of its fiduciary duties to the holders of Series C Stock (including holders other than Plaintiff).  But based on the actions taken to date without the knowledge or involvement of the Plaintiff's directors, Argo directors will nonetheless proceed with the proposed Recapitalization Plan, notwithstanding plaintiff's request to delay it.  If these actions are allowed to proceed, Plaintiff will be irreparably harmed.

## CLAIM FOR RELIEF
### Declaratory Judgment

19.     Plaintiff repeats and realleges the allegations contained in the paragraphs above, as if fully set forth herein.

20.     Defendants' actions are unlawful and breach fiduciary duties owed to plaintiff because, among other reasons, Section 3.3.1 of Argo's corporate charter states that Plaintiff's vote or consent is required for Argo to "alter . . . or change . . . the rights, preferences or

5

privileges of the Series C Preferred Stock, directly or indirectly, by merger, consolidation, *conversion transaction* or otherwise."

    21.    An actual controversy exists between plaintiff and defendants concerning the Recapitalization Plan.

    22.    Plaintiff has been prompt and diligent in pursuing its rights.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff requests:

    1.    A judicial declaration that the Recapitalization Plan is void as contrary to Section 3.3.1 of Argo's corporate charter;

    2.    That a temporary restraining order and preliminary and permanent injunction issue, barring defendants, any or all of them, from: (i) any vote, action or consent to attempt to convert the preferred stock of Argo into common stock under Section 5.1 of Argo's certificate of incorporation, (ii) approving an amendment to Argo's certificate of incorporation to create a new class of preferred stock; and (iii) authorizing any proposed exchange new preferred stock for common stock.

3.    That the Court award such other and further relief, including but not limited to damages, costs, prejudgment and post judgment interest and attorney's fees, as is proper.

Daniel J. Buckley  (0003772)
Erik B. Bond  (0087188)
James B. Lind (0083310)
Vorys, Sater, Seymour and Pease LLP
Suite 2000, Atrium Two
221 East Fourth Street
Cincinnati, Ohio  45202
Phone:  (513) 723-4000
Fax:  (513) 723-4056
djbuckley@vorys.com
ebbond@vorys.com
Attorneys for Plaintiff

## <u>INSTRUCTIONS TO CLERK</u>

Please serve by certified U.S. mail, return receipt requested, a copy of the Summons and

Complaint upon defendants at the addresses listed in the caption.

Daniel J. Buckley

## **VERIFICATION**

STATE OF OHIO )
                         )    SS:

COUNTY OF HAMILTON )

      James M. Gould being duly sworn, deposes and states that he has personal knowledge of the matters alleged herein, that he has read the foregoing Verified Complaint, and that the allegations contained therein are true to the best of this knowledge, information and belief.

WALNUT PRIVATE EQUITY FUND, LP

BY:

TITLE:      Managing General Partner

Sworn to before me and subscribed in my presence this __ day of October, 2011.

James B. Lind, Attorney At Law
NOTARY PUBLIC - STATE OF OHIO
My commission has no expiration date
Sec. 147.03 R.C.

Notary Public

My commission expires:

8