

# TRACY WINKLER
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

```
ELECTRONICALLY FILED
October 21, 2011 04:35 PM
      TRACY WINKLER
      Clerk of Courts
    Hamilton County, Ohio
   CONFIRMATION 105007
```

| | |
|---|---|
| **WALNUT PRIVATE EQUITY FUND LP** vs. **ARGO TEA INC** | **A 1107906** **JUDGE STEVEN E MARTIN** |

**FILING TYPE: INTERVENING COMPLAINT**

**PAGES FILED: 39**

EFR200

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO
COMMERCIAL DOCKET

| | | |
|---|---|---|
| WALNUT PRIVATE EQUITY FUND, L.P., | : | Case No. A1107906 |
| Plaintiff, | : | |
| | : | Judge Steven E. Martin |
| v. | : | |
| | : | |
| ARGO TEA, INC., *et al.*, | : | **INTERVENING PLAINTIFFS'** |
| | : | **VERIFIED COMPLAINT FOR** |
| Defendants. | : | **DECLARATORY JUDGMENT AND** |
| | : | **PRELIMINARY AND PERMANENT** |
| | : | **INJUNCTIVE RELIEF** |

For their Verified Complaint against Defendant Argo Tea, Inc. ("Argo"), Intervening Plaintiffs Hauser Capital Partners, LLC ("Hauser Capital") and Hauser Tysoe, LLC ("Hauser Tysoe") (collectively the "Hauser Entities") state as follows:

## NATURE OF THE ACTION

1. This is an action to restrain an imminent threat to the Hauser Entities' interest in Argo. Specifically, Argo has planned to eviscerate the Hauser Entities' bargained-for rights as Preferred Stockholders of Argo by way of a plan to convert the Hauser Entities' preferred stock to common stock, all without informing the Argo Board of Directors as a whole. That plan would breach the plain provisions of Argo's articles of incorporation.

2. Similar to the plaintiff that initiated this action, Walnut Private Equity Fund, L.P. ("Walnut"), the Hauser Entities will suffer immediate and irreparable harm if Argo's contemplated scheme proceeds as currently planned because it will permanently change Argo's

corporate structures and strip the Hauser Entities of rights for which they bargained and to which they are lawfully entitled.

3. The Hauser Entities seek injunctive relief restraining Argo from implementing the Recapitalization Plan, as well as an order preserving the status quo pending resolution of the legal issues set forth in this complaint.

## PARTIES

4. Intervening Plaintiff Hauser Capital is an investment company based in Cincinnati, Ohio.

5. Intervening Plaintiff Hauser Tysoe is an investment company based in Cincinnati, Ohio.

6. Plaintiff Walnut Private Equity, L.P. is a Cincinnati-based investment fund, and the record and beneficial holder of shares of Series C Preferred stock of Argo.

7. Defendants Argo is a privately-held Delaware corporation which manufactures and sells tea and other beverages.

## JURISDICTION AND VENUE

8. This Court possesses subject matter jurisdiction because the amount in controversy exceeds the minimum jurisdictional threshold for this Court. This Court possesses personal jurisdiction over Argo because Argo marketed the stock in question to the Hauser Entities in Ohio.

9. Venue is appropriate in this Court because it is the county where Argo solicited the Hauser Entities to purchase the preferred stock in question, and the county where the Hauser Entities reside.

## FACTUAL ALLEGATIONS

10. In December 2008, Hauser Capital purchased approximately $750,000 of Series C Argo Stock. At the same time, Hauser Tysoe purchased approximately $250,000 of Series C Argo Stock.

11. In order to induce the Hauser Entities to make their investment, Argo agreed to issue to the Hauser Entities and others a new series of preferred stock, the Series C Stock, that provided rights not held by other preferred stockholders of Argo.

12. The Hauser Entities' rights as a Series C Stockholder that are at issue in this matter are specified in Argo's corporate charter, which is attached as **Exhibit A**. Among these rights is the requirement that any action that would "alter . . . or change . . . the rights, preferences or privileges of the Series C Preferred Stock, directly or indirectly, by merger, consolidation, *conversion transaction* or otherwise" would be approved by Walnut. This "veto right" held by Walnut was specifically negotiated by Walnut to ensure that its Series C rights could not be replaced by inferior rights, such as what is being proposed in the Recapitalization Plan.

13. While the Hauser Entities are separate and distinct legal entities from Walnut, the Hauser Entities are affiliated with Walnut, and from time to time the Hauser Entities and Walnut work together in selecting, reviewing, negotiating and entering into investments.

14. The Hauser Entities' purchase of Argo's Series C Preferred Stock is such an investment. With respect to the Hauser Entities' decision to invest in Argo's Series C Preferred Stock, the Hauser Entities were aware of and relied upon Walnut's rights under Section 3.3.1 in deciding to invest. The Hauser Entities' Series C Preferred Stock is entitled to the protections afforded Series C Stockholders by the Articles of Incorporation.

15. In June 2011, the Hauser Entities each purchased additional amounts of Argo Preferred Stock, specifically Series D Preferred Stock, in an amount in excess of $300,000 combined. The Hauser Entities invested in the Argo Series D Preferred Stock with the understanding that its earlier-purchased Series C Preferred Stock was protected in the manner provided by the articles of incorporation.

16. Thus, Argo's plan to eliminate the special rights granted to Series C Preferred Stockholders through a series of maneuvers necessarily and detrimentally impacts the Hauser Entities, as holders of Argo Series C Preferred Stock and Series D Preferred Stock. Certain of Argo's other preferred stockholders propose to authorize the conversion of all shares of Argo preferred stock into common stock pursuant to Section 5.1 of Argo's charter, which provides that Argo's preferred stockholders can convert all Argo preferred shares into common shares upon the approval of 67% of the outstanding preferred shares. Such action, absent Walnut's consent, violates Section 3.3.1 of Argo's certificate of incorporation.

17. The Recapitalization Plan ignores Walnut's veto right and would violate the provisions of Argo's certificate of incorporation. Argo's preferred stockholders propose to take this action because Argo's board, without the involvement or knowledge of Walnut's designated directors or the Hauser Entities' designated board observer, has devised a plan to induce the conversion by offering, in exchange for the common stock, a new class of preferred stock (the "New Preferred").

18. Upon information and belief, the New Preferred Class is inferior to the Series C Stock and Preferred Series D Stock held by plaintiff. By taking these actions, Argo would eliminate the Hauser Entities' existing rights and grant new rights to other preferred stockholders

in violation of Argo's certificate of incorporation. These actions would enhance the value of shares held by others at the expense of the Hauser Entities' investment.

19. At Walnut's request, this Court imposed an order enjoining any vote or other action implementing the Recapitalization Plan. Since that time, neither Argo nor those its preferred stockholders intent on implementing the Recapitalization Plan have shared the details of that plan with the Hauser Entities. Also, neither Argo nor its preferred shareholders have shared the details of the "substantial investment" supposedly being considered by some unidentified corporation, despite the fact that the Hauser Entities have an appointed board observer with a voice on Argo matters. Based on the actions taken to date without the knowledge or involvement of the Hauser Entities or its observing representative at the Argo board, it is clear that Argo's directors will nonetheless proceed with the proposed Recapitalization Plan, notwithstanding the Hauser Entities' request for the most basic information regarding the transaction before reaching some decision with respect to it. If these actions are allowed to proceed, the Hauser Entities will be irreparably harmed.

## CLAIM FOR RELIEF
### Declaratory Judgment

20. The Hauser Entities repeat and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

21. Argo's actions are unlawful and breach fiduciary duties owed to the Hauser Entities because, among other reasons, Section 3.3.1 of Argo's corporate charter states that Walnut's vote or consent is required for Argo to "alter . . . or change . . . the rights, preferences or privileges of the Series C Preferred Stock, directly or indirectly, by merger, consolidation, *conversion transaction* or otherwise."

22. An actual controversy exists between the Hauser Entities and Argo concerning the Recapitalization Plan.

23. The Hauser Entities have been prompt and diligent in pursuing their rights.

## RELIEF REQUESTED

**WHEREFORE,** the Hauser Entities request:

1. A judicial declaration that the Recapitalization Plan is void as contrary to Section 3.3.1 of Argo's corporate charter;

2. That a temporary restraining order and preliminary and permanent injunction issue, barring Argo, any or all of them, from: (i) organizing, holding, or acknowledging any vote, action or consent to attempt to convert the preferred stock of Argo into common stock under Section 5.1 of Argo's certificate of incorporation; (ii) approving an amendment to Argo's certificate of incorporation to create a new class of preferred stock; and (iii) authorizing any proposed exchange of new preferred stock for common stock.

3. That the Court award such other and further relief, including but not limited to damages, costs, prejudgment and post-judgment interest and attorney's fees, as is proper.

Respectfully submitted,

*[signature]*

Eric K. Combs (0067201)
Dinsmore & Shohl LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, OH 45202
(513) 977-8200
(513) 997-8141 (fax)
Eric.Combs@dinsmore.com

*Attorneys for Proposed Intervenors Hauser Capital Partners, LLC and Hauser Tysoe, LLC*

State of Ohio            )
                         ) :ss
County of Hamilton       )

    Paul Swanson, President and CEO of Hauser Capital Markets and duly authorized representative of the Plaintiffs in the above-captioned matter, swears under oath that the facts set forth in the foregoing Verified Complaint are true based upon his own knowledge, information and belief; and so far as upon information and belief, he believes the information to be true.

*Paul Swanson*

Paul Swanson

Sworn to and subscribed in my presence this October 20th, 2011.

My commission expires: 10/16/16

Notary Public

MITCHELL F. STOOKEY
Notary Public, State of Ohio
My Commission Expires 10-16-2016